**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21901-CIV-ALTONAGA/Reid**

**RAQUEL PACHECO**,

      Plaintiff,

v.

**CITY OF MIAMI BEACH**, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court *sua sponte*.  On March 23, 2026, Plaintiff, Raquel Pacheco filed a Complaint [ECF No. 1] asserting four claims for relief based on the First Amendment to the U.S. Constitution.  (*See generally id.*).  In addition to Defendant, City of Miami Beach, Plaintiff sues five named Miami Beach city officials and two unnamed Miami Beach police detectives — John Doe 1 and John Doe 2.  (*See id.* ¶¶ 19–25).

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted).  A limited exception exists when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).  In such circumstances, the description must be "sufficiently clear to allow service of process" on the fictitious defendant.  *Dean*, 951 F.2d at 1216 (citation omitted); *see also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (citations omitted).  Plaintiff's vague description of the fictitious Defendants — devoid of any details that could identify them — does not satisfy this narrow exception.  (*See* Compl. ¶ 25).

Given that Plaintiff may not sue (or serve) John Does 1 and 2 without naming them, and under the Court's inherent power to manage its docket to ensure the orderly progress of the case, *see, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (alteration added; citations omitted)), it is

**ORDERED AND ADJUDGED** as follows:

1.      The Clerk of Court is instructed to mark the case as **CLOSED** for administrative purposes only.  Any pending motions are **DENIED as moot**.

2.      The Court retains jurisdiction.  Once Plaintiff files an amended complaint that either: (a) properly identifies Defendants, John Doe 1 and John Doe 2, or (b) deletes John Doe 1 and John Doe 2 as Defendants, the Court will reopen the case on motion by Plaintiff.  This Order shall not prejudice the rights of the parties to this litigation.

3.      Plaintiff is instructed to submit, every **sixty (60) days** from the date of this Order, status reports advising of the status of her investigation of the identities of Defendants, John Doe 1 and John Doe 2, and/or her decision to drop those Defendants from the case.  Plaintiff is cautioned that once the Court enters a scheduling order, there will be limited time allowed to add parties to the case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2